# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  Case No. 4:24-cv-00965-MTS<br>) |
| J.R. CARPENTRY, LLC, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This is an action pursuant to Section 301 of the Labor Management Relations Act of 1947, codified as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, codified as amended, 29 U.S.C. § 1132.  Plaintiffs seek an order compelling Defendant to submit to a payroll audit and, thereafter, a judgment for contributions and damages owed.

The Proof of Service affidavit shows Defendant was served with the Summons and Complaint for this matter on July 17, 2024.  Doc. [9]; *see also* Fed. R. Civ. P. 4(*l*). Defendant has not filed an answer; nor has it filed any pleading, motion, or other paper. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiffs moved for entry of a default.  Doc. [10].  The Clerk of Court granted Plaintiffs' Motion and entered the default of Defendant J.R. Carpentry, LLC.  Doc. [13].  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs moved this Court for an Order compelling

Defendant to submit to an audit so that Plaintiffs can determine the amounts Defendant owes them.

Plaintiffs have established that Defendant is party to collective bargaining agreements with the Mid-America Carpenters Regional Council.  The agreements require Defendant to submit contributions to the Carpenters employee benefit funds and authorizes Plaintiffs to examine the financial records of Defendant to ascertain whether the required contributions were made.  The only way by which Plaintiffs can determine the amount owed is through such financial examination.  Because Defendant has refused to cooperate in such financial examination, the Court will require Defendant J.R. Carpentry, LLC to provide Plaintiffs the relevant records.  *See* 29 U.S.C. § 1132(g)(2)(E) (authorizing "equitable relief as the court deems appropriate").

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting, Doc. [11], is **GRANTED**.  No later than **Wednesday**, **October 09, 2024**, Defendant J.R. Carpentry, LLC is **ORDERED** to provide Plaintiffs the payroll registers and records that contain information relevant to the work performed under the collective bargaining agreements needed to perform an audit for the period of February 01, 2023, to the present.  **The failure to comply with this Order could result in sanctions.**[*]

---

[*] The imposition of contempt sanctions eventually could include sanctions on Defendant J.R. Carpentry, LLC's individual members or officers.  *See, e.g., Carpenters' Dist. Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc.*, 4:07-cv-00061-CAS (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president); *Painters Dist. Council No. 2 v. Paragon Painting of Mo., LLC*, 4:08-cv-01501-ERW (E.D. Mo. Sept. 1, 2011) (issuing a writ of body attachment and ordering the United States Marshals Service to bring the defendant's owner before the court).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendant at the address provided on the executed Summons.

Dated this 11th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE